LAW LIBRARY

NO. 28458

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ZACHARY KANAKANUI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 97-157)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise, and Ginoza, JJ.)

In this post-conviction proceeding, Defendant Appellant Zachary Kanakanui (Kanakanui) appeals from the "Order Denying Defendant's Motion to Reconsider Sentence" (Order), which was filed on February 26, 2007, in the Circuit Court of the Third Circuit (circuit court).[1] We vacate the Order and Kanakanui's extended term sentences, and we remand the case for resentencing.

I.

In 1997, Kanakanui was found guilty after a jury trial of first degree burglary and second degree theft. Prior to sentencing, Plaintiff Appellee State of Hawai'i (State) filed the "State's Motion to Impose Mandatory Minimum, Consecutive, and Extended Terms of Imprisonment." The State argued that Kanakanui qualified for extended terms of imprisonment as a "persistent offender," a "professional criminal," and a "multiple offender," pursuant to Hawaii Revised Statutes (HRS) §§ 706-662(1), 706-662(2), and 706-662(4) (Supp. 1996), respectively. In support of its motion for extended terms of imprisonment, the State submitted evidence of Kanakanui's prior convictions, which included felony convictions for first degree burglary,

---

[1] The Honorable Glen S. Hara presided over the post-conviction proceeding.

unauthorized control of a propelled vehicle, and second degree theft. Kanakanui's criminal record also reflected that Kanakanui had been sentenced to terms of imprisonment after repeatedly violating conditions of his probation and that he had numerous misdemeanor convictions.

The circuit court[2/] sentenced Kanakaui on December 19, 1997. The circuit court granted the State's motion for extended terms of imprisonment based on its finding that Kanakanui was a persistent offender and a multiple offender and that extended terms were necessary for the protection of the public. The circuit court sentenced Kanakanui to extended terms of twenty years of imprisonment for the first degree burglary conviction and ten years of imprisonment for the second degree theft conviction. The circuit court imposed these sentences to run concurrent with each other but consecutive to Kanakanui's sentence in a prior case.

Kanakanui filed a direct appeal from his judgment of conviction and sentence. On January 21, 1999, the Hawai'i Supreme Court affirmed Kanakanui's judgment in Appeal No. 21274. Kanakanui's conviction and sentence became final in 1999.

On July 28, 2006, Kanakanui filed a "Motion to Reconsider Sentence," pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35 (2003). On February 6, 2007, Kanakanui filed the "Defendant's Supplement to Defendant's Motion to Reconsider Sentence, Filed on July 28, 2006 and Defendant's Motion to Correct Sentence." Kanakanui asserted that he was sentenced to extended terms of imprisonment based on his refusal to admit guilt, in violation of his Fifth Amendment right not to incriminate himself, and that his extended term sentences were illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000). On February 26, 2007, the circuit court issued its Order, and Kanakanui appealed.

---

[2/] The Honorable Riki May Amano presided over Kanakanui's sentencing.

II.

In this appeal, Kanakanui argues that his extended terms of imprisonment must be vacated because the circuit court imposed them due to his refusal to admit guilt, in violation of his constitutional privilege against self-incrimination under the United States and Hawai'i Constitutions. Kanakanui cites State v. Kamana'o, 103 Hawai'i 315, 82 P.3d 401 (2003), in support of this argument. Kanakanui also asserts that his extended terms of imprisonment must be vacated because 1) they were illegal under Apprendi and its progeny; and 2) the sentencing court failed to make sufficient findings of fact or conclusions of law to support the imposition of the extended sentences.

Upon careful review of the record and the briefs submitted by the parties, we resolve Kanakanui's points of error as follows:

1. In Kamana'o, the defendant, Andrew Kamana'o, filed a motion collaterally attacking his extended terms of imprisonment approximately fifteen years after his convictions and sentences had become final. Kamana'o, 103 Hawai'i at 315-19, 82 P.3d at 401-05. The Hawai'i Supreme Court held that the trial court had violated Kamana'o's constitutional privilege against self-incrimination by imposing extended terms of imprisonment based on Kamana'o's refusal to admit his guilt regarding the convictions on which he was being sentenced and which he intended to appeal. Kamana'o, 103 Hawai'i at 316, 82 P.3d at 402. The supreme court vacated the trial court's judgment of sentence against Kamana'o and remanded the case for resentencing. Id.

We conclude that the analysis in Kamana'o controls our decision in this case. Based on our review of the record, we conclude that Kanakanui's refusal to admit guilt "improperly influenced" the sentencing court's decision to impose extended terms of imprisonment. See id. at 323, 82 P.3d at 409 (internal quotation marks omitted). Accordingly, we 1) vacate the circuit court's February 26, 2007, Order; 2) vacate the portion of the circuit court's judgment filed on December 24, 1997, that imposed

3

extended terms of imprisonment on Kanakanui; and 3) remand the case to the circuit court for resentencing. Upon remand, the circuit court may again impose extended terms of imprisonment in accordance with Act 1 of the 2007 Second Special Session of the Hawai'i Legislature, 2007 Haw. Sess. L., 2d Spec. Sess., Act 1 (codified at HRS §§ 706-661, 706-662, and 706-664 (Supp. 2009)). See State v. Jess, 117 Hawai'i 381, 389, 413-15, 184 P.3d 133, 141, 165-67 (2008). Kanakanui is entitled to have a jury empaneled to find the facts necessary for the imposition of any extended term sentence. 2007 Haw. Sess. L., 2d Spec. Sess., Act 1; Jess, 117 Hawai'i at 389, 413-15, 184 P.3d at 141, 165-67.

2. In light of our preceding analysis, we need not address Kanakanui's other points of error.

III.

For the foregoing reasons, we 1) vacate the circuit court's February 26, 2007, Order; 2) vacate the portion of the circuit court's judgment filed on December 24, 1997, that imposed extended terms of imprisonment on Kanakanui; and 3) remand the case to the circuit court for resentencing.

DATED: Honolulu, Hawai'i, May 28, 2010.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Tharrington T. Trusdell
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4